(69 Misc. Rep. 213.)

### JACKSON v. ROSENBROCK et al.

(Supreme Court, Trial Term, Nassau County.   October, 1910.)

1. STIPULATIONS (§ 14*)—WAIVER OF JURY—CONSTRUCTION.

A stipulation to try a case at Special Term without a jury was limited to the particular term mentioned; and, where the case was not reached at that term, plaintiff was not precluded from noticing the case for trial at a subsequent term.

[Ed. Note.—For other cases, see Stipulations, Dec. Dig. § 14.*]

2. PARTITION (§ 70*)—TRIAL—STATEMENT OF ISSUES.

Under Code Civ. Proc. § 1544, providing that in partition the issues of fact may be tried by the jury, plaintiff need not have the issues to be tried stated, before noticing it for trial.

[Ed. Note.—For other cases, see Partition, Dec. Dig. § 70.*]

3. PARTITION (§ 70*)—TRIAL—STATEMENT OF ISSUES.

Where defendant received notice of trial in partition, in time to apply to the court for an order directing issues to be stated, as prescribed by Code Civ. Proc. § 970, he cannot delay his application therefor, until after commencement of the term for which it has been noticed, where plaintiff is willing to adopt the statement of issues proposed by defendant.

[Ed. Note.—For other cases, see Partition, Dec. Dig. § 70.*]

Action by Mary Ann Jackson against Sarah Maria Rosenbrock and others.  On motion by defendant Samuel Matthews to strike case from the trial calendar upon the ground that, the action being in partition, the plaintiff had waived the right to a jury trial by entering into a stipulation with the other defendants "that the issues of fact herein be tried before the court without a jury at the May term, 1910," and could not, therefore, notice the issues for trial by jury, and that plaintiff could not by motion at the opening of the term have certain questions of fact stated for jury trial at that term, under sections 970 and 1544 of the Code of Civil Procedure, without having first served a notice of trial of such questions.  Denied, and plaintiff's motion to set the case for trial granted.

See, also, 121 N. Y. Supp. 1136.

Lincoln B. Haskin, for the motion.
Maxson & Jones, opposed.

SCUDDER, J.  The stipulation which was entered into by the parties to try the case at Special Term without a jury was limited to the particular term mentioned.  The case not having been reached at that time, the plaintiff was not precluded by the stipulation from noticing the case for trial at a subsequent jury term.

It was not necessary for the plaintiff to have the issues to be tried by jury stated before noticing it for trial.  Section 1544 of the Code of Civil Procedure expressly provides that in an action for partition the issues of fact as raised by the pleadings may be tried by jury.

The defendant Matthews received a notice of trial in ample time to permit him to apply to the court for an order directing the issues to be stated as prescribed by Code Civ. Proc. § 970.  He should not be

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

permitted to delay his application therefor until after the commencement of the term for which plaintiff has noticed the case, especially in view of the fact that plaintiff is willing to adopt the statement of issues as proposed by said defendant.

Defendant's motion to strike the case from the calendar denied, and plaintiff's motion for statement of issues and to set this case down for trial at this term granted.

Ordered accordingly.